19555

James SMITH, Appellant, v. Lula Jackson SMITH, Respondent
(194 S. E. (2d) 199)

*Franklin R. DeWitt, Esq.,* of Conway, *for Appellant,*

*H. T. Abbott, Esq.,* of Conway, *for Respondent,*

January 22, 1973.

BRAILSFORD, Justice:

The elderly plaintiff in this action appeals on two exceptions from an order of the Family Court for Horry County refusing to grant him a divorce from his sixty-five-year-old third wife on the ground of desertion and ordering him to pay $20.00 per month toward her support.

Both parties testified that the wife left the marital abode on June 3, 1970, and was continuously absent therefrom for more than one year prior to the commencement of the action on July 1, 1971. The critical issue of fact for determination by the divorce court was whether the wife had just cause for leaving her husband. The woefully inadequate order of the Family Court made no express finding on this issue, simply concluding "that the plaintiff is not entitled to a divorce from the defendant upon the grounds of desertion for a period of more than one year." The husband's only exception to this aspect of the order is upon the equally general ground that the court erred "in

that the Defendant had been continuously gone, without cause from Plaintiff's bed and board for more than one year prior to the commencement of this action." The wife testified to abusive treatment by her husband and threats against her life made by him which, if credited, were sufficient justification for her leaving the marital abode. It is, of course, well settled that where the departing spouse has just cause for leaving, her doing so does not constitute desertion. *Mincey v. Mincey*, 224 S. C. 520, 80 S. E. (2d) 123 (1954). On this record, a finding that the wife was justified in leaving is implicit in the court's conclusion that desertion as a ground of divorce had not been established. We are not convinced that this implied finding is against the preponderance of the evidence. Hence, the first exception is without merit.

The remaining exception charges error in ordering the payment of $20.00 per month alimony, "when a divorce was not granted either party and testimony shows that Plaintiff is not an able-bodied man capable of supporting a wife." The record shows that the husband receives a pension of $106.00 per month from the Veterans Administration and owns two rental houses, or has a life estate in them. Upon the separation of the parties, he voluntarily made an allotment of $20.00 per month to his wife, and she has received this amount from the Veterans Administration since that time. He is now about eighty years old and his health is not perfect, although the record indicates that it is better than that of his younger wife. Upon finding that the wife was justified in living separate from her husband, the court was authorized to award her support. *Mincey v. Mincey, supra.* Again, the order of the Family Court is deficient in making no findings concerning the relative circumstances of the parties. However, we find no merit in the exception.

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.